**BARTLETT LUMBER CO v HAMMEL**

Ohio Appeals, 1st Dist, Hamilton Co

No 4678.   Decided Feb 18, 1935

Peck, Shaffer & Williams, Cincinnati, and A. J. Conroy, Cincinnati, for plaintiff in error.

Jacob Hauptman, Cincinnati, for defendant in error.

## OPINION

By MATTHEWS, J.

While there are questions raised as to the exclusion of evidence, the essential issue relates to the proper construction of the letter already quoted.

It is conceded by plaintiff's counsel that the letter shows that the defendant "did not want to enter into a formal contract for the term of a full year." In this connection, counsel says: "Nor do we claim that they did. We think that under the terms of the letter the defendant in error could have been dismissed by the plaintiff in error at any time within the year." We think the language of the letter itself, as well as the construction placed on it by the parties, carries that meaning and requires that construction.

It seems to us clear that no matter what the arrangement had been in 1931, the letter without any ambiguity states that the defendant would give the plaintiff credit for unfilled orders on December 31st, 1931, and, furthermore, the defendant said that "while your record for 1932 will be kept on basis of shipments, we will also give you credit for such unfilled orders as may be on the books at the end of 1932." So that in the calculation of the forty per cent of the net profits, the plaintiff was to be given credit for all orders unfilled on December 31st, 1931, and also all orders unfilled at the end of 1932. Now manifestly net profits could not be calculated on unfilled orders. The net profit could only be determined after the order had been filled.

The letter clearly states that the plaintiff is to have a guaranteed minimum on the basis of $4000.00 per year, payable in monthly installments of $333.33, while employed, and in addition the balance, if any, of forty per cent of the net profits, after deducting the total monthly payments.

The divergence between the parties is as to when this calculation was to be made. The defendant contends that it could only be made in the event the plaintiff continued in the employment for the full year. The plaintiff denies this, and, impliedly at least, claims that the calculation should be made on the basis of the orders filled and unfilled at the termination of the employment, whenever that took place.

The parties are agreed that neither was bound for a year. They hoped the arrangement would last that long, but the defendant certainly was doubtful on that subject. The letter indicates that Even if it had lasted a year and then ended, the computation could not have been made immediately. Until the unfilled orders had been filled, it could not have been determined whether forty per cent of the net profits exceeded the guaranteed minimum of $4000.00. Certainly after the end of 1932, whenever the filled orders produced a net profit, forty per cent of which exceeded $4000.00, the plaintiff would have been entitled to that excess.

Nowhere in the letter is it stated that the plaintiff would be entitled to a portion of the net profits only on condition that he continued as a salesman of the defendant for the whole year. There was an expression of hope and desire that the year would be a successful one for them, and that at the end there would be a substantial sum to divide, but that is not the language of a condition precedent in the light of an implied stipulation for an employment of indefinite duration. To construe this language as imposing such a condition precedent requires that we disregard the defendant's express promise and then say that it was the intention of the defendant to reserve to itself the absolute power to prevent the plaintiff from performing the condition. That, it seems to us, would be a strained construction of defendant's language in favor of the defendant, contrary to the established rule. 2 Williston on Contracts, 1295, et seq. As we construe this letter, the most favorable interpretation to the defendant is, not that it required service to continue for one year, but that it postponed the time of payment to the end of the year. However, we do not believe that we would be justified in holding that it stipulates for a postponement under all circumstances—such as appear in this case for instance—of payment to the end of the year. Assuming that it did contemplate service to the end of the year as a condition, the act of the defendant in directing the plaintiff to cease working rendered performance impossible. §301 of Restatement of the Law of Contracts states the rule as follows:

"Impossibility that would discharge the duty to perform a promise excuses a condition if

(a) a debt for performance rendered has already arisen and the condition relates only to the time when the debt is to be discharged, * * *."

And in §302, it is said:

"A condition may be excused without other reason if its requirement

(a) will involve extreme forfeiture or penalty, and

**680**

(b) its existence or occurrence forms no essential part of the exchange for the promisor's performance."

In the "Ohio Annotations" are collected many cases illustrating the application of these principles. We believe these rules assist in reaching a correct construction of this writing and determination of the rights of the parties thereunder.

It is the duty of the court to construe the writing. It seems to us that the defendant reserved the right to terminate the employment at any time, but that it was obligated to pay the guaranteed minimum during the continuance of the employment, and in the event forty per cent of the net profits on the orders received during the employment and on the unfilled orders of 1931 exceeded the amount of the guaranteed minimum paid the plaintiff, the defendant was obliged to pay that excess. On this basis, there was due the plaintiff more than the amount of the judgment.

As the proffered evidence would not change our construction of the writing, the error in its exclusion, if any, was not prejudicial.

Finding no prejudicial error in the record, the judgment is affirmed.

ROSS, PJ, and HAMILTON, J, concur.